UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA BRISTOW,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

                                 /

Case No. 2:17-cv-13769

HON. STEPHEN J. MURPHY, III

**OPINION AND ORDER OVERRULING OBJECTIONS [17],
ADOPTING REPORT AND RECOMMENDATION [16],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [13]
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14]**

The Commissioner of the Social Security Administration ("SSA") denied Plaintiff

Sandra Bristow's application for Supplemental Security Income and Disability Insurance

Benefits in a decision issued by an Administrative Law Judge ("ALJ"). The SSA Appeals

Council declined to review the ruling, and Plaintiff appealed. The Court referred the matter

to the magistrate judge, ECF 3, and the parties filed cross-motions for summary judgment,

ECF 13, 14. The magistrate judge issued a Report and Recommendation ("Report")

suggesting the Court deny Plaintiff's motion and grant the Commissioner's motion. ECF

16. Plaintiff filed timely objections. ECF 17. Having examined the record and considered

the objections de novo, the Court will overrule the objections, adopt the report, deny

Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary

judgment, and dismiss the complaint.

## BACKGROUND

The Report properly details the events giving rise to Plaintiff's action. ECF 16, PgID 614–15. The Court will adopt that portion of the Report.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the review of a magistrate judge's report. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept it as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507–08 (6th Cir. 2006). And an ALJ need not "make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

**DISCUSSION**

Plaintiff raises three objections. The Court will address each of them in turn.

I.     <u>ALJ's Weighing of Dr. Rivera's Opinion</u>

First, Plaintiff objects to the magistrate judge's conclusion that the ALJ's assignment of little weight to the opinion of Dr. Rivera, Plaintiff's treating physician, was harmless. ECF 17, PgID 650.

The opinions of a treating physician must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and consistent with "the other substantial evidence in [the] case record" to be afforded controlling weight. 20 C.F.R. § 404.1527(c)(2). If the ALJ decides that the treating physician's opinion is not entitled to controlling weight, the ALJ must consider six factors to determine what weight to afford the opinion. 20 C.F.R. § 404.1527(c); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Dr. Rivera's opinion was a single page with two check boxes and one sentence.[1] The ALJ afforded little weight to Dr. Rivera's opinion because she was not a mental health specialist[2] and because Plaintiff's mental health providers did not complete any medical source statement. ECF 16, PgID 634. The Report disagreed that the ALJ could dismiss Dr. Rivera's opinion due to her lack of mental health specialization, but concluded that

---

[1] One checkbox question asked whether Plaintiff's depression, anxiety, ADD, and chronic diarrhea, combined, constituted "a severe mental impairment." ECF 11, PgID 464. Dr. Rivera checked "yes." *Id.* The other checkbox question asked whether Plaintiff could "sustain working a 40 hour a week sedentary job." *Id.* Dr. Rivera checked "no." *Id.* Dr. Rivera also wrote, "Patient unable to concentrate, too anxious to keep doing a particular task." *Id.*

[2] The specialization of the treating physician is one factor listed in 20 C.F.R. § 404.1527(c)(5).

the error was harmless. *Id.* at 635–36 (citing *Bragg v. Comm'r of Soc. Sec.*, No. 11–10579, 2012 WL 1079942, at *10 (E.D. Mich. Jan. 24, 2012), *rep. & rec. adopted*, 2012 WL 1079925 (E.D. Mich. Mar. 30, 2012). As the Report explained, Dr. Rivera's opinion was patently deficient. *Id.* at 635. The Report also pointed out that Dr. Rivera's opinion spoke to issues reserved for the Commissioner. *Id.* at 634 (citing 20 C.F.R. § 404.1527(d)(3)). Finally, as the Report noted, the ALJ did not need to explicitly reference all of the factors listed in 20 C.F.R. § 404.1527(c). *Id.* at 636.

The Court agrees that Dr. Rivera's opinion was patently deficient and that the ALJ properly assigned little weight to Dr. Rivera's conclusory opinion. The ALJ took into consideration Dr. Rivera's lack of mental health expertise. *See* 20 C.F.R. § 404.1527(c)(5) (noting specialization as one factor to be considered). Furthermore, as the ALJ implicitly recognized, Dr. Rivera completely failed to present relevant evidence to support her medical opinion. *See* 20 C.F.R. § 404.1527(c)(3) (describing supportability), § 404.1527(c)(2) (providing that supportability is a factor in determining the weight assigned to a treating physician's opinion). Dr. Rivera did not specify any reported or observed symptoms or describe any functional limitations. She did not support her opinion with any medically acceptable clinical or laboratory diagnostic techniques. *See* 20 C.F.R. § 404.1527(c)(2) (requiring the opinion to be well-supported by diagnostic techniques to be afforded controlling weight). Because Dr. Rivera offered no objective evidence on how she came to her conclusions, her opinion is patently deficient. *See Bragg*, 2012 WL 1079942, at *10. The ALJ properly assigned little weight to Dr. Rivera's conclusory opinion, and Plaintiff's objection fails.

II.     ALJ's Weighing of Dr. Czarnecki and Dr. Gventer's Opinions

Second, Plaintiff objects to the magistrate judge's conclusion that the ALJ's deficient consideration of the opinions of Dr. Czarnecki and Dr. Gventer was not a suitable ground for remand. ECF 17, PgID 652. Plaintiff argues that the ALJ's error was prejudicial because the ALJ had relied on the medical opinions when formulating the residual functional capacity ("RFC"). *Id.*

Dr. Czarnecki and Dr. Gventer were not treating sources. ECF 16, PgID 638. The ALJ "generally should explain the weight given to opinions from . . . 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning[.]" SSR 06-03p, 2006 WL 2329939, at *6 (S.S.A. Aug. 9, 2006), rescinded Mar. 27, 2017.[3]

The ALJ seemed to state that he placed both little weight on Dr. Gventer's opinion and significant weight on the limitations identified by both Dr. Gventer and Dr. Czarnecki.[4] ECF 16, PgID 639–40. But, as the Report found, the ALJ's ultimate finding was consistent with Dr. Czarnecki's opinion as a whole, as well as Dr. Gventer's opinion that Plaintiff had no functional restrictions. *See id.* at 642. Because the ALJ's ultimate finding was

---

[3] SSR 06–03p remained in effect at all relevant times in the case.

[4] Dr. Gventer conducted a consultative examination and provided a diagnostic impression of "Major Depressive Disorder, Recurrent, Moderate" with a fair prognosis. ECF 11-7, PgID 380–81. She explained, "Based on the results of the current evaluation, the claimant is oriented in all spheres. Her memory and concentration are both impaired indicating some difficulty learning and retaining new information. She has a fund of knowledge that is consistent with her education achievements. She has appropriate insight and judgment. She is having a difficult time maintaining work at this time; however, it should be noted that she is not in counseling so the efficacy of this is unknown at this time. There were no functional restrictions noted." *Id.* at 381. The ALJ explained that he gave little weight to the opinion that "the claimant will have a difficult time maintaining work" because the opinion was "based upon a one-time examination and based upon information not consistent with the record as a whole." ECF 11-2, PgID 43.

consistent with Dr. Czarnecki's opinion and because Plaintiff failed to allege prejudice, the Report recommended against remand.

The Court agrees that the ALJ's determination is consistent with and supported by Dr. Czarnecki's opinion. Dr. Czarnecki identified certain difficulties but ultimately determined that Plaintiff had no functional restrictions, had a reasonable degree of independence, and could engage in simple, repetitive work. *Id.* at 639. Notwithstanding any ambiguity about exactly how much weight the ALJ assigned to Dr. Gventer's opinion, the ALJ's RFC determination placed significant weight on Dr. Czarnecki's opinion. The Court will overrule Plaintiff's objection.

III.    <u>ALJ's Discussion of Plaintiff's Physical Impairments</u>

Third, Plaintiff objects to the magistrate judge's conclusion that the ALJ's lack of discussion of Plaintiff's physical impairments was not prejudicial. ECF 17, PgID 653. Plaintiff allegedly suffered from arm pain ("paresthesia"), numbness from her cervical spine, and chronic diarrhea. ECF 16, PgID 644. The ALJ mentioned the physical impairments only briefly in his explanation of the RFC determination and apparently omitted two facts about the chronic diarrhea. *Id.* at 644–45.

The Report concluded, however, that the ALJ's error, if any, was harmless because no source identified any RFC limitations based on Plaintiff's pain or diarrhea. *Id.* at 645. Indeed, Plaintiff did not allege that any additional limitations were needed to account for the paresthesia or chronic diarrhea. The Report thus determined that Plaintiff failed to carry her burden to prove her specific RFC restrictions and to show any limitation caused by her alleged physical impairments. *Id.* (collecting cases).

The Court agrees with the Report's analysis. No source identified any RFC limitations due to the alleged physical impairments. Plaintiff failed to establish that her alleged impairments caused more limitations than those assessed by the ALJ. *E.g.*, *Bickerstaff v. Comm'r of Soc. Sec.*, No. 2:15-cv-10917, 2016 WL 4182756, at *11 (E.D. Mich. July 15, 2016). Plaintiff's third objection fails.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Plaintiff's objections. It finds the objections unconvincing. The Court agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Plaintiff's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's objections [17] are **OVERRULED**, and the magistrate judge's Report and Recommendation [16] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [13] is **DENIED**, and the Commissioner's motion for summary judgment [14] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 19, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 19, 2018, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager